# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL LUCARELLI, Special Administratrix of the Estate of James Dennis Taylor, deceased, ELAINE TAYLOR, Personal Representative and surviving heir of James Dennis Taylor, deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>DVA RENAL HEALTHCARE, INC.,<br><br>        Defendant. | Case No. 2:07-CV-00992-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Plaintiffs' Motion to Remand (#4). Defendant filed a response in opposition (#9) to which Plaintiff replied (#10). Plaintiffs also filed a Motion for Leave to File Supplement to Motion to Remand (#26). Defendant also filed a Motion for Leave to File Supplement to Remand Opposition (#27). Having read and considered the motions for leave, and good cause being found, they are granted.

Also before the Court is Defendant's Motion to Dismiss (#5). Plaintiffs filed a response in opposition (#7) to which Defendant replied (#11). Plaintiffs also filed a Motion to Stay (#8) which remains unopposed.

1    Finally before the Court is Defendant's Motion to Transfer (#16).  Plaintiffs filed a response

2  in opposition (#17) to which Defendant replied (#18).

3  I.  Background

4    This case is one of at least thirty-two lawsuits filed by separate plaintiffs in Nevada state

5  court based on allegations of Defendant's negligent operation of hemodialysis treatment facilities.

6  Defendant removed at least fifteen of these lawsuits to the United States District Court for the

7  District of Nevada on the basis of diversity of citizenship.  Of these thirty-two lawsuits, only two

8  plaintiffs actually received treatment in Nevada.  In the instant case, Plaintiffs are North Carolina

9  citizens and the decedent received his dialysis treatments in North Carolina.  Defendant is a

10  California corporation with a principal place of business in California.  Defendant is the successor

11  corporation to Gambro Healthcare, a Tennessee corporation with company headquarters in Colorado.

12  II.  Motion to Remand

13    Plaintiffs seek an order remanding this case to the Eighth Judicial District Court for the State

14  of Nevada.  28 U.S.C. § 1441 permits a defendant to remove a state court action if the federal district

15  court has original jurisdiction.  A defendant invoking the removal statute bears the burden of

16  establishing jurisdiction, and the statute is strictly construed against removal.  See Cal. ex rel.

17  Lockyer v. Dynegy, Inc., 375 F.3d 381, 383 (9th Cir. 2004).  Consequently, "[f]ederal jurisdiction

18  must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles,

19  Inc., 980 F.2d 564, 566 (9th Cir. 1992).  But while a federal court "will not take jurisdiction if it

20  should not...it is equally true, that it must take jurisdiction if it should."  Cohens v. Va., 19 U.S. (1

21  Wheat) 264, 404 (1821).  Thus, a district court with proper jurisdiction lacks discretion to remand.

22  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1988).

23    Defendant removed this case from Nevada state court based on diversity of citizenship.  See

24  28 U.S.C. §1332(a).  Plaintiffs do no dispute this Court's jurisdiction or the procedural validity of

25  removal; rather, they argue that Defendant waived the right to remove this case because of its state-

26  court actions in other lawsuits.

1    "A party, generally the defendant, may waive the right to remove to federal court where, after

2    it is apparent that the case is removable, the defendant takes actions in state court that manifest his or

3    her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."

4    Resolution Trust Co. v. Bayside Developers, 43 F.3d 1230,1240 (9th Cir. 1994).  "A waiver of the

5    right to removal must be clear and unequivocal."  Id.  "In general, the right of removal is not lost by

6    action in the state court short of proceedings to an adjudication on the merits."  Id.

7    Waiver is an exception to the Court's duty "to adjudicate a controversy properly before it."

8    Allegheny County v. Frank Mushada Co., 360 U.S. 185, 188 (1959).  Waiver must be based on

9    Defendant's affirmative conduct in the state court in this case.  The record establishes that Plaintiffs

10   filed this case in state court on June 8, 2007, and served Defendant with the Complaint on June 27,

11   2007.  Defendant timely removed this case on July 26, 2007.  Plaintiffs submit no evidence that

12   Defendant took any action other than filing notice of removal.  Instead, Plaintiffs contend that the

13   conduct of Defendant's parent corporation in other, similar cases in state court constitutes waiver.

14   They argue that the other, similar cases were consolidated in state court and that if this case were

15   remanded, it would also be subject to the consolidation.  Consequently, because the cases would be

16   presumably consolidated, Plaintiffs claim that the actions in the other cases should be imputed to this

17   one.  Plaintiffs' argument, however, ignores the reality that this is a separate case involving a distinct

18   plaintiff and facts.

19   The Court finds the would-be state court consolidation irrelevant to its determination of

20   whether Defendant properly removed this case to federal court, and Defendant's conduct in the other

21   cases cannot waive its right to remove in this case.  The Court recognizes that consolidating this case

22   in the state court might promote efficiency and a conservation of judicial resources.  However, the

23   Court cannot look past the fact that though the consolidated cases involve similar tort claims against

24   related defendants, the evidence and witnesses are located in several different states and proving

25   causation in each will be unique given that each plaintiff was already seriously ill before receiving

26   dialysis treatment.  Moreover, efficiency considerations alone cannot justify remand.  See

3

1  Thermatron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)("That justice may move more

2  slowly in some federal courts than in their state counterparts is not one of the considerations that

3  Congress has permitted the district courts to recognize in passing on remand issues"), *abrogated on*

4  *other grounds by* Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996).

5        Further, the Court notes that if it were to follow Plaintiffs' reasoning and remand this case,

6  the Court would essentially eviscerate Defendant's right to remove to federal court in all future

7  hemodialysis-related cases filed against it regardless of the plaintiff.  None of the cases cited by

8  Plaintiffs contemplates such an expansive and far-reaching result.  Certainly, none of the cases

9  involve the factual scenario presented here.  Therefore, the Court denies Plaintiffs' Motion to

10  Remand, and denies Plaintiffs' Motion to Stay as moot.

11  III.  Motion to Transfer

12        A.  Standard for Motion to Transfer

13        Under § 1404 (a), a district court has discretion to "adjudicate motions for transfer according

14  to an individualized, case-by-case consideration of convenience and fairness."  Jones v. GNC

15  Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)(citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29

16  (1988)).  Section 1404(a) reads:  "For the convenience of parties and witnesses, in the interest of

17  justice, a district court may transfer any civil action to any other district or division where it might

18  have been brought."  When a court evaluates a § 1404(a) motion, the plaintiff's choice of forum is

19  "entitled to 'paramount consideration' and the moving party must show that a balancing of interests

20  weighs heavily in favor of transfer."  Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev.

21  1985).  Accordingly, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum

22  likely to prove equally convenient or inconvenient."  Van Dusen v. Barrack, 376 U.S. 612, 645-46

23  (1964).  The burden is therefore on the defendant to make the strong showing that a change of venue

24  is warranted.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.

25  1986); Galli, 603 F. Supp. at 1262.  Finally, a decision to transfer is committed to the sound

26  discretion of the trial court.  See Jones, 211 F.3d at 498.

4

1       In assessing whether to grant a motion to transfer, the Court is presented with two questions:

2  whether the action "might have been brought" in the proposed transferee district; and whether the

3  transferee forum is more convenient. See 28 U.S.C. § 1404(a).  Here, neither party disputes that this

4  case could have been brought in the Eastern District of North Carolina.  Determining whether to

5  transfer a civil action from one forum to another "for the convenience of the parties and witnesses"

6  and in the interest of justice" requires the Court to weigh the following factors: "(1) the location

7  where the relevant agreements were negotiated and executed, (2) the state that is most familiar with

8  governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum,

9  (5) the contacts relating to plaintiff's cause of action in the chosen forum, (6) the differences in the

10  costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance

11  of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at

12  498.

13       B.  Convenience of the Parties and the Interests of Justice

14       Here, the convenience of the parties and witnesses and the interests of justice favor

15  transferring this case to the Eastern District of North Carolina.  James Taylor received treatments in

16  Wilson, North Carolina at Defendant's hemodialysis facility.  The evidence and witnesses of his

17  treatments, including the doctors and nurses who treated him, are all located in North Carolina.

18  Furthermore, the majority of witnesses and evidence is located in North Carolina.  Taylor received

19  treatment from at least twelve (12) physicians practicing in North Carolina.  While Plaintiffs assert

20  that "corporate negligence" led to Taylor's death making DVA's headquarters in El Segundo,

21  California the site containing most material evidence, the only connection between the corporate

22  negligence and Taylor's treatment lies at the facility in North Carolina.  Plaintiffs have failed to

23  identify any witnesses or evidence located in Nevada.  As such, compulsory process would be

24  unavailable to secure their attendance in Nevada.  Moreover, the costs of litigation would be

25  substantially greater because the attorneys and witnesses would be forced to travel for discovery and

26  trial.  North Carolina has the most significant relationship to this case, and consequently, North

1  Carolina tort law applies.  See Gen. Motors Corp. v. Eighth Judicial Dist. Court, 134 P.3d 111, 116

2  (Nev. 2006).  Thus, a federal court in North Carolina would be more familiar with the law of this

3  case.  In addition, while Plaintiffs chose to file this suit in Nevada, the "operative facts" of the case

4  did not occur in Nevada, and so Plaintiffs' preference "is entitled to only minimal consideration."

5  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  Finally, the Court is unaware of any Nevada

6  public policy that favors retaining a Nevada venue when the only connection with the state is

7  Plaintiffs' counsel.

8         Therefore, the Court finds that this action could have been brought originally in the Eastern

9  District of North Carolina, and that the convenience of the parties and witnesses and the interests of

10  justice favor transferring this case.  Accordingly, the Court grants Defendant's Motion to Transfer.

11  Furthermore, having granted the motion to transfer, the Court denies Defendant's Motion to Dismiss

12  as Moot.

13  IV.  Conclusion

14         Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#4) is

15  **DENIED**;

16         IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#5) is **DENIED as moot**;

17         IT IS FURTHER ORDERED that Plaintiffs' Motion to Stay (#8) is **DENIED as moot**;

18         IT IS FURTHER ORDERED that Defendant's Motion to Transfer (#16) is **GRANTED**;

19         IT IS FURTHER ORDERED that this action is **TRANSFERRED** to the Eastern District of

20  North Carolina;

21         IT IS FURTHER ORDERED that the Motions for Leave to File Supplements (#26/27) are

22  **GRANTED**.

23         DATED this 7th day of March 2008.

24

25  _____

26  Kent J. Dawson
    United States District Judge

6